UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ALBERT MACHIAVELLI**     **DOCKET NO. 2:20-cv-0160**
**D.O.C. # 453380**     **SECTION P**

**VERSUS**     **JUDGE MICHAEL J. JUNEAU**

**WARDEN SANDY MCCAIN**     **MAGISTRATE JUDGE HANNA**

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Anthony Machiavelli, who is proceeding pro se in this matter. Machiavelli is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMENDED** that the petition be **DENIED and DISMISSED WITH PREJUDICE.**

    **I.**     **Background**

By this proceeding, Machiavelli challenges a Louisiana detainer, first sent in 2002 by the Lafayette Parish Sheriff Department and subsequently updated in 2011

by the State of Louisiana Department of Public Safety and Corrections, to the State of Maine Department of Corrections.

Machiavelli previously sought federal habeas relief challenging this extradition order through a petition filed in United States District Court for the District of Maine under 28 U.S.C. § 2254 on June 21, 2012 and dismissed on November 5, 2012. *See Machiavelli v. Barnhart*, 2012 U.S. Dist. LEXIS 159003 (D. Me., June 21, 2012). That Court set forth the following factual background:

> On August 4, 1999, in Maine, the Cumberland County Grand Jury returned two indictments charging Machiavelli with a total of three counts of gross sexual assault. On December 20, 1999, Machiavelli pled guilty to the charges, and on January 5, 2000, he was sentenced to concurrent straight 20-year terms of imprisonment.
>
> While in execution of these Maine sentences, Machiavelli confessed to a homicide he had committed in Louisiana in July 1999. The Louisiana authorities learned about Machiavelli's confession in April 2000. Louisiana investigators went to the Maine prison to interview Machiavelli and to obtain prints from him. One of his prints matched a print found at the Louisiana crime scene. On July 26, 2000, a Louisiana grand jury returned an indictment charging Machiavelli with one count of second degree murder. A warrant was subsequently issued for his arrest.
>
> On July 9, 2001, the governors of Louisiana and Maine, Mike Foster and Angus King, entered into the Executive Agreement, pursuant to Article IV section 2 of the United States Constitution and 18 U.S.C. §3182, to return Machiavelli to Louisiana to stand trial for the murder. The Executive Agreement stated that if Machiavelli were either acquitted after trial or if the prosecution terminated in any manner other than a death sentence, he was to be returned to Maine.

> On August 3, 2001, Governor King issued a warrant authorizing the arrest and extradition of Machiavelli.  On August 24, 2001, a fugitive from justice complaint was filed against Machiavelli in the District Court in Rockland, Maine. On September 14, 2001, after hearing, the District Court denied Machiavelli's petition contesting his extradition and thereafter ordered him to be extradited to Louisiana. The docket sheet indicates that Machiavelli did not file a notice of discretionary appeal pursuant to Maine Rule of Appellate Procedure 19 from that order.
>
> On July 30, 2002, Machiavelli, pursuant to a plea agreement, pled guilty to manslaughter in Louisiana and, after an information had been filed, pled guilty to escape. He was sentenced to 35 years of hard labor on the manslaughter charge and to 5 years of hard labor on the escape charge, to be served consecutively to the manslaughter sentence. These two Louisiana sentences were to be served concurrently with "any other sentence the defendant may be serving in this country," i.e., the Maine sentences. On August 7, 2002, Louisiana correctional officials sent a letter, which they asked to serve as a detainer, to the Maine Department of Corrections informing it of Machiavelli's Louisiana sentences. Later that month, Machiavelli was returned to Maine to continue in execution of his Maine sentences. On October 26, 2011, Louisiana correctional officials sent another letter, which they asked to serve as an updated detainer and which the State represents was addressed to the Maine Department of Corrections, informing it of Machiavelli's projected release date on the Louisiana sentences.

*Id*. at *2-5 (internal citations omitted).

Following the receipt of the updated detainer, Machiavelli filed the petition in the District Court of Maine, which was dismissed, as the Court found the detainer did not violate any federal law. *Id*. at *9.  Machiavelli also filed a petition in the

Fifteenth Judicial District Court, Lafayette Parish, which was denied without comment. *Id*. at \*6.

On September 20, 2019, upon completion of his sentence in Maine, Petitioner was transported from Maine to Louisiana. Doc. 1, p. 7. He filed the instant petition seeking habeas relief in this court on January 28, 2020, challenging the validity of his extradition. Petitioner is currently incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana.

## II.
## LAW & APPLICATION

### A. *Rule 4 Review*

Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Mootness*

Article III of the Constitution limits jurisdiction of federal courts to actual "cases" and "controversies." U.S. CONST. art. III, § 2. A moot case presents no Article III case or controversy, and a federal court has no constitutional jurisdiction to resolve the issues presented in such a matter. *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005) (*citing Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir.1999)). A petitioner cannot maintain a habeas corpus action for a completed extradition because there is no relief the court can afford the petitioner. *Pool v. Duke*, 2018 U.S. Dist. LEXIS 218154, *5 (N.D. Tex., Dec. 12, 2018) (citing *Edwards v. Bowles*, 109 F. App'x 704 (5th Cir. 2004) (dismissing petitioner's habeas corpus action on appeal because petitioner already had been extradited) (*citing Schlang v. Heard,* 691 F.2d 796, 799 & n.6 (5th Cir.1982)); *see also Briley v. Louisiana*, No. CIV.A. 14-0591, 2014 WL 3809740, at *1 (W.D. La. Aug. 1, 2014)).  Thus, Petitioner's pending petition attacking his extradition to Louisiana is moot and should be dismissed with prejudice[1].

## II. Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED and DISMISSED WITH PREJUDICE.**

---

[1] To the extent this petition is considered second and successive, transferring this matter to the Fifth Circuit to seek authorization for Machiavelli to file a second and successive petition would be futile, as his claims are moot.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** in Chambers this 6th day of April, 2020.

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**