# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **ALBERT MACHIAVELLI** | **DOCKET NO. 2:20-cv-0160** |
| **VERSUS** | **JUDGE MICHAEL JUNEAU** |
| **WARDEN SANDY MCCAIN** | **MAGISTRATE JUDGE HANNA** |

## JUDGMENT

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record, determining that the findings are correct under the applicable law, and considering the objections to the Report and Recommendation in the record; the Court adopts the findings and conclusions of the Report and Recommendation as its own with the following additional reason for judgment.

Petitioner seeks habeas corpus to challenge the constitutionality of his extradition from the State of Maine to the State of Louisiana in several instances between 2002 to 2019. As alluded to in the Report and Recommendation, the detainer and movement from Maine to Louisiana prior to 2019 has already been adjudicated on writ of habeas corpus by the United States District Court for the District of Maine.[1] That court correctly concluded that the writ be denied. The

---

[1] *Machiavelli v. Barnhart*, No. 1:12-CV-00200-DBH, 2012 WL 5389933 (D. Me. Oct. 17, 2012), aff'd, No. 1:12-CV-00200-GZS, 2012 WL 5389703 (D. Me. Nov. 5, 2012).

primary concern for this Court is the 2019 extradition to Louisiana after the completion of Petitioner's sentence in the State of Maine.

Petitioner's writ challenging the constitutionality of his most recent detainer can be treated as a collateral attack on his conviction.[2] Under 22 USC § 2241(c) and § 2254, the petitioner must be "in custody" for the Court to be empowered to grant the writ. Petitioner in this case is in custody. Under § 2254, Petitioner is also required to exhaust his state court remedies before filing a writ in this Court. When Petitioner last filed in the District of Maine, the court concluded that the state had waived its defense of exhaustion of state remedies.[3] The court also stated, "the State expressly waives the defense that Machiavelli failed to exhaust state remedies, pursuant to 28 U.S.C. § 2254(b)(1)-(3), without prejudice to the State's ability to reassert that requirement eight years down the road when Machiavelli is actually facing return to Louisiana."[4] Nothing in the record indicates that the state has waived its defense of exhaustion of state remedies in this proceeding. Furthermore, the state courts of Louisiana are open to habeas corpus petitions as they were when Petitioner filed in the 15th Judicial District Court of Louisiana in 2011. Accordingly, the Court finds that Petitioner has not exhausted his state remedies as an additional ground for dismissal.

---

[2] *See* § 3533.4.1 Habeas Corpus—Collateral Attack, 13C Fed. Prac. & Proc. Juris. § 3533.4.1 (3d ed.)
[3] *Machiavelli v. Barnhart*, No. 1:12-CV-00200-DBH, 2012 WL 5389933, at *3.
[4] *Id*. at *2

**IT IS ORDERED, ADJUDGED AND DECREED** that the Report and Recommendation, Rec. Doc. [2] is adopted, and the instant petition be **DENIED and DISMISSED WITH PREJUDICE.**

THUS DONE in Chambers on this 4th day of May, 2020.

_____
**Michael J. Juneau**
**United States District Judge**